**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JESS H. KRIEHN,**<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**U.S. DEPARTMENT OF JUSTICE** *et al.*,<br><br>    **Defendant(s).** | Case No.: 12-CV-04853 YGR<br><br>**ORDER TO SHOW CAUSE RE: LACK OF SUBJECT MATTER JURISDICTION** |

Defendant is hereby **ORDERED TO SHOW CAUSE** no later than **December 21, 2012** why this action should not be remanded for lack of subject matter jurisdiction.

On September 17, 2012, Defendant Department of Justice removed the action from the Santa Clara County Superior Court pursuant to 28 U.S.C. §§ 1442, 1446,[1] and 2679(d),[2] on the basis that the United States Department of Justice, an agency of the United States government, is a defendant. (*See* Dkt. No. 1, Notice of Removal, at ¶¶ 3-4.) Although Defendant identified statutes in the Notice of Removal, Defendant did not state the grounds for removal or the Court's jurisdiction under any of the referenced statutes. Subsequently, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction. (Dkt. No. 5.) As the party asserting federal subject matter jurisdiction, Defendant has the burden to establish this Court has jurisdiction over case. *See, e.g.*, *Kokkonen v. Guardian Life Insur. Co. of Am.*, 511 U.S. 377 (1994).

---

[1] "A defendant or defendants desiring to remove any civil action from a State court shall file … a notice of removal … containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

[2] 28 U.S.C. § 2679(d) provides for removal of a lawsuit against a federal employee "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d). There is no certification by the Attorney General so it is not clear how this statute applies.

As a basis for removal, Defendant invoked 28 U.S.C. § 1442, which permits removal by federal agencies. Section 1442 does not independently support jurisdiction; rather the petition for removal must identify the federal law under which the action arises. *Mesa v. California*, 489 U.S. 121, 136 (1989) ("The removal statute itself merely serves to overcome the 'well-pleaded complaint' rule which would otherwise preclude removal even if a federal defense were alleged."). A party seeking removal under Section 1442 must demonstrate that "(a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (citing *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 124-25, 131-35 (1989)).

By no later than December 21, 2012, Defendant shall file a written response to this **ORDER TO SHOW CAUSE** why this action should not be remanded, which shall include "a short and plain statement of the grounds for removal" and the basis for the Court's jurisdiction.

The hearing on the Motion Dismiss is **CONTINUED** from December 18, 2012 to **January 29, 2013**.

**IT IS SO ORDERED**.

Date: December 13, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**