**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JESS H. KRIEHN,** | Case No.: 12-CV-04853 YGR |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |
| vs. | |
| **U.S. DEPARTMENT OF JUSTICE** *et al.*, | |
| Defendant(s). | |

Plaintiff Jess Kriehn ("Kriehn") brings this action for "General Negligence" against the Department of Justice ("U.S. DOJ") for its alleged "Failure To Enforce Laws."

The U.S. DOJ has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on the grounds that Plaintiff Kriehn failed to exhaust administrative remedies, and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. Plaintiff has filed a motion for partial or full remand.

Having carefully considered the papers submitted and the pleadings in this action, for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss **WITH LEAVE TO AMEND** and **DENIES** the Motion for Remand.[1]

**I.      BACKGROUND**

On July 17, 2012, Plaintiff filed a lawsuit in the Santa Clara County Superior Court against the Department of Justice alleging "General Negligence" for "Failure to Enforce Laws." On

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for January 29, 2013.

August 16, 2012, the United States Attorney's Office in San Jose, on behalf of the U.S. DOJ, was served copies of the summons and complaint. On September 17, 2012, the U.S. DOJ removed the action pursuant to 28 U.S.C. §§ 1346 and 1442, on the basis that the U.S. DOJ, an agency of the United States government, is a defendant. Defendant has moved to dismiss and Plaintiff has moved to remand.

## II. MOTION TO DISMISS

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claim alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). While Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Plaintiff appears to misunderstand many fundamental concepts upon which he personally would be entitled to relief. Here, the complaint alleges "General Negligence" for "Failure to Enforce Laws." No other facts are supplied. The complaint must—but does not—identify which laws are not being enforced. The complaint fails to provide any facts showing that Plaintiff is entitled to the $1.3 million in relief that he seeks. Plaintiff's motion to remand indicates that the lawsuit is related to youth access to tobacco products. (*See* Dkt. No. 15 at 3 ("I am redressing my government for them to change their attitude towards this subject of leaving tobacco out in the open, on a silver platter for minors").) Without a valid and specific basis for recovery, the Complaint fails to state a claim upon which relief can be granted.

Defendant also moves to dismiss on the basis of lack of subject matter jurisdiction for failure to file an administrative claim. Because Defendant, not Plaintiff, has invoked the Court's subject matter jurisdiction, the Court will construe Defendant's motion as attacking the pleading under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

*Absent waiver, sovereign immunity shields the Federal Government and its agencies and employees from suit*. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). One such statute is the Federal Tort Claims Act ("FTCA"), which provides a limited waiver of the government's immunity from tort liability. *Marley v. United States*, 567 F.3d 1030, 1034 (9th Cir. 2009). Defendant argues that the FTCA is the only possible statute that could waive the government's immunity to Plaintiff's tort claim. To sue the Federal Government under the FTCA, the claim must be presented in writing to the appropriate agency. 28 U.S.C. § 2401(b). Defendant argues that the FTCA does not waive immunity here because Plaintiff failed to file an administrative tort claim. Defendant has provided evidence that this prerequisite to filing suit under the FTCA has not been met and on that basis seeks dismissal with prejudice. Because Plaintiff has not identified the source of the government's waiver of immunity, the Court cannot rule as matter of law on whether the government has waived immunity for Plaintiff's claim.

Thus Plaintiff has not only failed to identify the statutory basis for his claim, but also for the Federal Government's *waiver of immunity* for this lawsuit. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

Based on the foregoing analysis, the Court **GRANTS** Defendant's Motion to Dismiss.

### III. MOTION TO REMAND

Federal courts are courts of limited jurisdiction. They have no power to consider claims for which they lack subject-matter jurisdiction. *See Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate. Those cases involve diversity of citizenship (where the parties are from different states), a federal question (arising under the Constitution, laws, or treaties of the United States), or cases to which the United States is a party. *See, e.g.*, *Kokkonen v. Guardian Life Insur. Co. of Am.*, 511 U.S. 375 (1994).

Plaintiff argues that removal was improper and has moved to remand. As a basis for removal, Defendant invoked 28 U.S.C. § 1442, which permits removal by federal agencies. A party seeking removal under Section 1442 must demonstrate that "(a) it is a 'person' within the

meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (citing *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 124-25, 131-35 (1989) ("The removal statute itself merely serves to overcome the 'well-pleaded complaint' rule which would otherwise preclude removal even if a federal defense were alleged.")). In response to the Court's Order to Show Cause re: Lack of Subject Matter Jurisdiction, Defendant U.S. DOJ clarified that the basis for its removal was to assert the federal defense of sovereign immunity; the FTCA is the only possible statute that could waive the government's immunity, Plaintiff failed to file an administrative tort claim, and therefore, the FTCA does not waive immunity here. This is a colorable federal defense. Removal to assert a federal defense was proper.

Based on the foregoing analysis, the Court **DENIES** the Motion to Remand.

### IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss is **GRANTED IN PART** for failure to state a claim upon which relief can be granted. The Motion to Dismiss is **DENIED IN PART**, to the extent that it seeks dismissal for lack of subject matter jurisdiction.

The Motion for Remand is **DENIED**.

Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff shall have until **February 15, 2013** to file an amended complaint.

In light of this Order, the Court will interpret a failure to file an Amended Complaint as an abandonment of this matter and will *sua sponte* enter a Judgment of Dismissal.

Plaintiff is encouraged to visit the Legal Help Center in the San Francisco or San Jose courthouses for limited-scope help from an attorney. There is no fee for this service. To make an appointment with the Legal Help Center in San Francisco, Plaintiff may visit the San Francisco Courthouse or call 415/782-9000 (ext. 8657). To make an appointment with the Legal Help Center in San Jose, Plaintiff may visit the San Jose Courthouse or call 408/297-1480. Please visit the Court's website, http://cand.uscourts.gov/proselitigants, or call the phone numbers listed above for current office hours, forms and policies for both Legal Help Centers.

This Order Terminates Docket Numbers 5 & 15.

**IT IS SO ORDERED**.

Date: January 11, 2013

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE